**9**

PAMELA C. JACKSON, ESQ. SBN 87502
PAMELA C. JACKSON, INC.
409 Boyd Street
Vacaville, CA  95688
Telephone:  707-446-2333
Facsimile:  707-446-2393
E-Mail:     jackson@pcjlawinc.com

Attorneys for Plaintiff,
Sutter Investment Corporation

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA
### (Sacramento Division)

| | |
|---|---|
| In re | Case No. 08-34899-B-7 |
| ERIC R. FRAKES, ANGELENE R. FRAKES, | |
|     Debtors. _____/ | |
| SUTTER INVESTMENT CORPORATION, | Adversary Case No. _____ |
|     Movant, | |
| v. | |
| ERIC R. FRAKES, ANGELENE R. FRAKES, | |
|     Respondents. _____/ | |

**COMPLAINT TO DETERMINE DISCHARGEABILTY OF DEBT**

COMES NOW Creditor SUTTER INVESTMENT CORPORATION (hereafter "Plaintiff"") and allege as follows:

## Jurisdiction

1. This is an adversary proceeding to determine the dischargeability of a debt owed to Plaintiff by defendants ERIC R. FRAKES and ANGELENE R. FRAKES ("Defendants") pursuant to 11 U.S.C. § 523(a)(2).

2. The court has jurisdiction under 28 U.S.C. §§157 and 1334, Federal Rules of Bankruptcy Procedure Rule 7001, and General Order 182 of the United States District Court for the Eastern District of California.

3. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I). To the extent the Court determines that this proceeding is non-core, Plaintiff consents to the entry of order or judgment by the Bankruptcy Judge.

## The Parties

4. Defendants filed their petition under Chapter 7 of Title 11 of the United States Code on October 15, 2008.

5. Plaintiff is a creditor of Defendants.

## General Allegations

6. Plaintiff is the owner of the commercial real property located at 141 Elmira Road, Vacaville, Solano County, California 95688 (the "Property").

7. In August 2006, Plaintiff's leasing agent, Spectrum Properties, was approached by Colliers Tingey, a real estate broker group, concerning the leasing of the Property to CATE LLC (hereafter CATE) which proposed to operate a restaurant at the Property under the name "The Original Pizza Pucks."

8. Plaintiff is informed and believes and thereon alleges that the individual members of CATE are and were Defendants and Timothy Lewis and Cheryl Lewis.

9. Timothy Lewis and Cheryl Lewis (the "Lewises") are debtors in Case No. 2008-37395-C-7 pending in the Eastern District of California.[1]

---

[1] A complaint to determine dischargeability has also been filed in the Lewis case.

**The Suite A Lease**

10.  On or about October 3, 2006, Plaintiff and CATE entered into a written lease for Suite A located at the Property which lease was amended June 27, 2007 (collectively the "Suite A Lease").  True and correct copies of the lease and the lease amendment are filed herewith labeled Exhibits 1 and 2, respectively, and incorporated herein.

11. On or about October 3, 2006, Defendants and the Lewises (collectively the "Suite A Guarantors") executed a *Guaranty of Lease* by which the Suite A Guarantors agreed to be responsible for the obligations of CATE under the Suite A Lease and any amendments thereto (the "Suite A Guaranty").  A true and correct copy of the Suite A Guaranty is filed herewith labeled Exhibit 3 and incorporated herein.

12.  By its terms, the Suite A Lease does not expire until September 30, 2016.

13.  CATE entered into possession of Suite A and occupied Suite A until on or about April 14, 2008, when CATE filed for bankruptcy protection under Chapter 7 of the United States Bankruptcy Code.  The bankruptcy was filed in the Bankruptcy Court for the Eastern District of California, case number 2008-24768 (the "CATE Bankruptcy").  Susan K. Smith is the duly appointed and acting Chapter 7 trustee (the "Trustee").

14.  Effective October 1, 2008, the Trustee returned possession of Suite A to Plaintiff.

15. Plaintiff has performed all of the conditions of the Suite A Lease to be performed on its part.

16.  By the terms of the Suite A Lease, CATE was required to pay to Plaintiff base rent for the Premises on a monthly basis which increases over time (the "Base Rent").

17.  Plaintiff has taken all reasonable and necessary attempts to locate a replacement tenant for Suite A but as of the date of this complaint has been unable

to locate any person or entity willing to lease Suite A .

18. Paragraph 13(a) of the Suite A Lease provides that Plaintiff may recover certain amounts for the breach of the lease including rents through the end of the lease term which exceed the amount of the rental loss that the lessee proves could be reasonably avoided. Rent is defined as all monetary amounts owing under the lease including Base Rent, a share of common area operating expenses and late fees.

19. As a proximate result of CATE's breach of the Suite A Lease and the abandonment of Suite A, Plaintiff has been damaged in an amount subject to proof at trial.

20. As a further proximate result of CATE's breach of the Suite A Lease and abandonment of Suite A , Plaintiff, in order to mitigate the damages, has incurred and will continue to incur advertising charges, expenses to clean and ready Suite A, commissions and other expenses related to re-letting Suite A in the sum subject to proof at trial.

21. The Suite A Lease at paragraph 31 provides for the payment of attorneys' fees in any action brought to enforce the terms of the Suite A Lease.

22. By virtue of the Suite A Guaranty, Defendants are responsible for the payment of all amounts owing to Plaintiff.

**The Suites B-D Lease**

23. On or about September 9, 2006, Plaintiff and CATE entered into a written lease for Suites B, C, and D located at the Property which lease was amended June 27, 2007 (collectively the "Suites B-D Lease"). True and correct copies of the lease and the lease amendment are filed herewith labeled Exhibits 4 and 5, respectively, and incorporated herein.

24. On or about September 9, 2006, Defendants and the Lewises (collectively the "Suites B-D Guarantors") executed a *Guaranty of Lease* by which the Suites B-D Guarantors agreed to be responsible for the obligations of CATE under the Suites B-

D Lease and any amendments thereto (the "Suites B-D Guaranty"). A true and correct copy of the Suites B-D Guaranty is filed herewith labeled Exhibit 6 and incorporated herein.

25. By its terms, the Suites B-D Lease does not expire until September 30, 2016.

26. CATE entered into possession of Suites B-D and occupied Suites B-D until the filing of the CATE Bankruptcy.

27. Effective October 1, 2008, the Trustee returned possession of Suites B-D to Plaintiff.

28. Plaintiff has performed all of the conditions of the Lease to be performed on its part.

29. By the terms of the Suites B-D Lease, CATE was required to pay to Plaintiff base rent for the Premises on a monthly basis which increases over time (the "Base Rent").

30. In a good faith effort to mitigate damages, as of October 1, 2008, a portion of Suites B-D has been re-let for the period commencing November 1, 2008 and ending October 31, 2011. Base Rent to be paid by the replacement tenant is $3,854 per month for the period November 1, 2008 to October 31, 2009, $4,354 per month for the period November 1, 2009 to October 31, 2010, and $4,854 per month for the period November 1, 2010 to October 31, 2011. In addition thereto, a proportion of the common area operating expenses are to be paid by the replacement tenant. As a result of the re-letting, Plaintiff has incurred realtor commissions in a sum subject to proof at trial.

31. Paragraph 13(a) of the Suites B-D Lease provides that Plaintiff may recover certain amounts for the breach of the lease including rents through the end of the lease term which exceed the amount of the rental loss that the lessee proves could be reasonably avoided. Rent is defined as all monetary amounts owing under the lease including Base Rent, a share of common area operating expenses and late

fees.

32. As a proximate result of CATE's breach of the Suites B-D Lease and the abandonment of Suites B-D, Plaintiff has been damaged in an amount subject to proof at trial.

33. As a further proximate result of CATE's breach of the Suites B-D Lease and abandonment of Suites B-D, Plaintiff, in order to mitigate the damages, has incurred and will continue to incur advertising charges, expenses to clean and ready Suites B-D, commissions and other expenses related to re-letting Suites B-D in the sum subject to proof at trial.

34. The Suites B-D Lease at paragraph 31 provides for the payment of attorneys' fees in any action brought to enforce the terms of the Suites B-D Lease.

35. By virtue of the Suites B-D Guaranty, Defendants are responsible for the payment of all amounts owing to Plaintiff.

**Acts Constituting Fraud**

36. At the time Defendants entered into the Suite A Lease and the Suites B-D Lease on behalf of CATE and executed the Suite A Guaranty and Suites B-D Guaranty Defendants failed to disclose, *inter alia*, the following facts:

    A. That The Original Pizza Pucks had previously carried on business at 321-F Nut Tree Road, Vacaville, California (the "Nut Tree Location");

    B. That The Original Pizza Pucks failed to pay rent for the Nut Tree Location commencing February 2006;

    C. That an unlawful detainer action had been filed against The Original Pizza Pucks by its landlord, CPG Finance II LLC in Solano County Superior Court, Case No. FCS028108 on July 5, 2006;

| | | |
|---|---|---|
| 1 | D. | That the Original Pizza Pucks was evicted from the Nut Tree Location effective August 22, 2006 with rent owing in excess of $27,990.85; |
| 4 | E. | That when The Original Pizza Pucks vacated the Nut Tree Location, certain fixtures were removed including, *inter alia*, ceiling light fixtures, restroom doors, toilets, sinks and handicap grab bars, ansil cooking hood with vent duct work and roof top unit, walk-in cooler with condenser and compressor and stainless steel double sink with preparation counters, all or some of which Plaintiff is informed and believes and thereon alleges were reinstalled in the Property; |
| 12 | F. | That The Original Pizza Pucks was the defendant in an action brought by Large Scale Biology Corporation in the Solano County Superior Court, Case No. FCM 093863 wherein a judgment had been entered on June 7, 2006 for breach of lease and unlawful detainer, against The Original Pizza Pucks in the amount of $19,864.96; |
| 18 | G. | That CATE proposed to be a licensee of The Original Pizza Pucks name and style and not the sole owner thereof; |
| 20 | H. | That the members of CATE included some, if not all, of the shareholders of The Original Pizza Pucks. |
| 22 | I. | That The Original Pizza Pucks was indebted to numerous business entities including suppliers, and investors. |

37. The actions of Defendants and the Lewises in forming CATE and in proposing CATE as the lessee rather than The Original Pizza Pucks were undertaken with the intent to evade required disclosure of the true financial condition of The Original Pizza Pucks which was the same restaurant operation they intended to carry on at the Property, and that the restaurant operation was, in fact, the result

1 of a failed business plan with no hope of paying its obligations to Plaintiff as they
2 became due.
3     38. The failure to disclose the above-referenced facts was wilful and made
4 with the intent to deceive and defraud Plaintiff and to induce Plaintiff to lease the
5 Property to CATE.
6     39. At the time Plaintiff leased the Property to CATE, it was ignorant of the
7 true facts. Had Plaintiff known the actual facts, it would not have taken such action.

**Claim for Relief**

[11 U.S.C. § 523(a)(2)]

10     40. Plaintiff realleges and incorporates, as if fully set forth herein, paragraphs
11 1 through 39, of this complaint.
12     41. As a result of Defendants' conduct, Plaintiff has suffered damages in an
13 amount subject to proof at trial which amount should not be discharged under 11
14 U.S.C. § 523(a)(2).
15     **WHEREFORE** Plaintiff pray for judgment as set forth below.
16     1. That the court determine the amount owing from Defendants to Plaintiff;
17     2. That the amount so determined be declared nondischargeable;
18     3. That Plaintiff have judgment against Defendants in the amount determined
19 by the Court;
20     4. For pre-judgment interest at the applicable rate on the amount so
21 determined;

5. For attorneys' fees and costs incurred herein; and

6. For such other and further relief as the court may deem proper.

Dated: March 2, 2009

                                    PAMELA C. JACKSON, INC.

By: /s/ Pamela C. Jackson
PAMELA C. JACKSON, ESQ.
Attorneys for Sutter Investment Corporation

409 Boyd Street
Vacaville, CA 95688
Telephone: 707-446-2333
E-mail: jackson@pcjlawinc.com
CA SBN 87502